Nov. Term,
1840.
_____
JOINER
v.
SANDERS.

*G. Holland,* for the plaintiffs.

*J. Ryman,* for the defendant.

---

### JOINER v. SANDERS, Executor.

A replication to a plea of *plene administravit* as to the goods of the testator, that the testator, at the time of his death, was seised of real estate which the defendant, if necessary, could have reduced to assets for the payment of debts, is bad on general demurrer.

The real estate of a decedent is not subject to execution on a judgment against his executor or administrator, unless the heirs, devisees, and terre-tenants, be made parties to the judgment.

Tuesday,
November 24.

APPEAL from the *Bartholomew* Circuit Court.

DEWEY, J.—Assumpsit against an executor on the promises of his testator. Pleas, 1. General issue; 2. *Plene administravit* as to the goods and chattels which came to the hands of the defendant. Replication to the second plea, that the testator, at the time of his death, was seised of real estate which the defendant, if necessary, could reduce to assets for the payment of debts. General demurrer to the replication sustained, and final judgment in favour of the defendant for costs.

This pleading involves the question, whether the lands of a deceased person are, by the law of this state, primarily assets in the hands of his personal representative?

Should the answer be in the affirmative, it is obvious that the plea of *plene administravit*, in the usual form, is not a good bar, and that to render it so, it should include lands as well as goods and chattels.

The legislature has enacted, that so soon as any executor or administrator shall discover the personal estate of the deceased is insufficient for the payment of debts and pecuniary legacies, he shall take an inventory and appraisement of so much of the real estate as may be necessary for those purposes, in the same manner in which the personal estate is required to be inventoried and appraised, and file the same in the office of the clerk of the Court of probate; that, on the suggestion of such executor or administrator, or of a legatee, or a creditor of the estate, that the personal property is not sufficient for the purposes before stated, the heirs and devisees interested in the matter shall be summoned to appear in that Court and show cause, if they can, why such real estate shall not be sold and made assets for the discharge of debts and legacies. And it is further provided, that if no good cause to the contrary be shown, the Probate Court shall order a necessary quantity of the real estate to meet the exigency to be sold; and this is to be done, from time to time, as the situation of the estate may require. But before the rendition of the decree or order for a sale be made, the executor or administrator is required to file in the office of the clerk such additional bond with security as the Court may direct. The sale is to be approved of by the Court, and afterwards a conveyance of the land sold is to be made to the purchaser. R. S. 1838, p. 182, 3.

These provisions cannot, in our opinion, have the effect of making the lands of a deceased person assets for the payment of debts or legacies in the first instance. No authority is given to the personal representative to meddle with the real estate, except the contingent right to have it inventoried and appraised, until he shall have procured the order of the Court to sell it. Before that event, it belongs exclusively to the heir or devisee, as the case may be. The penalty of

the bond, which the executor or administrator is required to give on assuming his ordinary trust, is regulated entirely by the supposed value of the personalty, and must be in double the amount of that value. R. S. 1838, p. 177. That bond is not designed to cover the assets arising from the sale of real estate. The faithful administration of these latter assets is secured by the additional bond provided for before the order of sale. It is quite plain, we think, that the legislature did not design that land should be assets in the hands of the executor or administrator, until rendered so by the action of the Probate Court in a proceeding in which the heir or devisee, as well as the personal representative, should be a party. It would seem to be the necessary consequence of the contrary doctrine, that an execution on a judgment against an executor or administrator would run against the lands as well as the goods and chattels. But this is expressly forbidden by the " act subjecting real and personal estate to execution," by which it is provided, that no real estate of any testator or intestate shall be subject to execution upon any judgment against the executor or administrator, unless the heirs, or devisees, and terre-tenants of such real estate, be first made parties to such judgment, in the manner prescribed by the statute. R. S. 1838, p. 284.

The law contemplates that, before the lands of a deceased person shall be subjected to the payment of his debts, the representatives of his real estate shall have an opportunity to be heard, whether the proceedings so to subject them be had in the Probate or in the Circuit Court. This purpose is incompatible with the doctrine, that lands are primarily assets in the hands of the executor or administrator, and must control it. The Circuit Court committed no error in sustaining the demurrer to the replication.

Whether the neglect of an executor or administrator to take the steps required by the statute to reduce real estate to assets, is such a violation of his duty as would render him responsible in the proper form of action, is a question not raised by this demurrer, and need not be considered on the present occasion.

*Per Curiam.*—The judgment is affirmed with costs.

*P. Sweetser*, for the appellant.

*W. Quarles*, for the appellee.